IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, ) ) ) | |
| Plaintiff, ) ) | Case No. 14- 2315-CM-KGG |
| v. ) ) | |
| MEGAN PAISLEY, ) ) | |
| Defendant. ) ) | |

# MEMORANDUM AND ORDER

Plaintiff Unum Life Insurance Company of America filed this action on July 2, 2014, seeking monetary damages and equitable relief from defendant Megan Paisley. (Doc. 1.) On September 8, 2014, the Clerk of the Court entered default against defendant for failing to answer or otherwise file any responsive pleading. (Doc. 9.) The matter is before the court on Plaintiff's Motion for Default Judgment (Doc. 11).

When a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its personal and subject matter jurisdiction in order to determine whether it has the power to enter the default judgment. *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). If a court enters a default judgment, but personal or subject matter jurisdiction is lacking, the judgment is void. *Id.* at 1202. Based upon a review of the filings in this case, the court is not convinced it has personal jurisdiction over defendant and, therefore, denies plaintiff's motion.

### I. Personal Jurisdiction.

The court must ensure it has personal jurisdiction over a defendant to enter a default judgment. *Bixler v. Foster*, 596 F. 3d 751, 761 (10th Cir. 2010). A district court may dismiss a case *sua sponte*

for lack of personal jurisdiction when considering default judgment, and personal jurisdiction defects are not waived for failure to appear or respond. *Williams*, 802 F.2d at 1203.  In this case, although defendant has not appeared or filed a responsive pleading, the court must still determine if it has personal jurisdiction over defendant before entering default judgment.

Service of process is required to establish personal jurisdiction over a defendant, and thus is essential to entering default judgment against a defendant.  "Until a defendant is properly served, the defendant has no duty to answer or make other motions.  As defendants have no duty to plead until properly served, entry of default prior to service is improper." *Petersen v. Carbon Cnty.*, 156 F. 3d 1244  (10th Cir. 1998) (internal citations omitted).  Federal Rule of Civil Procedure 4(e) prescribes the appropriate methods for serving process upon individuals, providing that an individual may be served by "following state law for serving a summons."  Fed. R. Civ. P. 4(e)(1).  K.S.A. § 60-303 describes the methods for service of process upon individuals in Kansas.

In this case, service of process was attempted two times.  First, the summons and complaint were sent via certified mail, return receipt requested, to a post office box.  (Doc. 4.)  The return receipt was signed by a "Josie" Paisley.  (*Id.*)  Second, the summons and complaint were "posted" "to the front door" of defendant's residence on July 8, 2014, as set forth in the Affidavit of Service filed July 28, 2014.  (Doc. 5.)  However, plaintiff filed a "Return of Service" on August 19, 2014, correcting the previous Affidavit of Service to specify that the documents were posted on July 8, 2014 on a fence or gate blocking the driveway, not at defendant's front door.  (Doc. 6.)   After the documents were posted on the fence, attorneys for plaintiff also transmitted by regular mail the summons and complaint to defendant at both her residence and her post office box.  (Doc. 7.)

**A.  Service by Certified Mail**

On these facts, the court questions whether service by return receipt delivery complied with Kansas requirements. In Kansas, "[s]ervice of process may be made by return receipt delivery, which is effected by certified mail . . . to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of the delivery, the address where delivered, and the person or entity effecting delivery." K.S.A. § 60-303(c)(1). The postage fees must be prepaid, and the sealed envelope must be addressed to the person to be served. *Id.* § 60-303(c)(2). Moreover, the summons must be served in accordance with K.S.A. § 60-304, which requires that service by return receipt delivery be "addressed to an individual at the individual's dwelling or usual place of abode." K.S.A. § 60-304. The filings in this case do not indicate that the certified mail was sent to defendant's dwelling or usual place of abode, but rather to a post office box. In addition, defendant appears not to have signed for the certified mail—defendant's first name is "Megan," while the signator was "Josie." Under these circumstances, the court is not convinced that defendant received service of process via the certified mailing.

**B. Residential Service**

The court next turns to whether service of process at defendant's residence was sufficient. Under Kansas law, "[p]ersonal service is effected by delivering or offering to deliver a copy of the process and petition . . . to the person to be served. Residence service on an individual is effected by leaving a copy of the process and petition . . . at the individual's dwelling . . . with someone of suitable age and discretion who resides there." K.S.A. §§ 60-303(d)(1)(A), (B). "If personal or residence service cannot be made on an individual . . . service is effected by leaving a copy of the process and petition or other document at the individual's dwelling . . . and mailing to the individual by first-class mail, postage prepaid, a notice that the copy has been left at the individual's dwelling." *Id.* § 60-303(d)(1)(C).

Here, plaintiff has not provided sufficient information establishing that residential service was accomplished. Without more information, the court questions whether "posting" the documents on the defendant's "gate (fence)" constitutes leaving the documents at the individual's dwelling under Kansas law. Consequently, because plaintiff has failed to show that defendant received effective service of process under federal or Kansas law, the court denies default judgment against the defendant.

## II. Denial of Motion

In light of this ruling, plaintiff may file a renewed motion, setting forth specifically its methods of service and explaining how those methods comply with Kansas law. Alternatively, and more prudently, plaintiff may serve defendant again, following closely the laws for service of process to ensure defendant has been apprised of this action before pursuing another default judgment motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 11.) is denied.

Dated this 22nd day of October, 2014, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**