IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNUM LIFE INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14- 2315 |
| v. ) | |
| ) | |
| MEGAN PAISLEY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Unum Life Insurance Company of America filed this action on July 2, 2014, seeking monetary damages and equitable relief from defendant Megan Paisley. (Doc. 1.) On September 8, 2014, the Clerk of the Court entered default against defendant for failing to answer or otherwise file any responsive pleading. (Doc. 9.) Plaintiff moved for default judgment (Doc. 11), which the court denied on October 22, 2014, based on the court's concerns that defendant had not been properly served with process (Doc. 15).

On December 13, 2014, plaintiff personally served defendant with the summons and complaint (Doc. 22). To date, defendant has failed to appear or otherwise respond. Plaintiff has again moved for default judgment (Doc. 25), which the court considers here. The court concludes that service was proper under Federal Rule of Civil Procedure 4(e)(2)(A) and that the court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(a)(3).

Plaintiff seeks default judgment under Rule 55(b)(1), which provides as follows:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b).  Here, plaintiff's claim is for a sum that can be made certain by computation.  In its Complaint, plaintiff requested judgment in the amount of $69,923.71. (Doc. 1 at 6.)  This amount represented the overpayment of disability benefits to defendant that was due and owing to plaintiff.  (*Id.*)  In moving for default judgment, plaintiff also submitted an affidavit showing the amounts due to it.  (Doc. 26-1.)  The affidavit includes a detailed computation of the disability payments plaintiff made to defendant ($184,442.00) and the disability payments plaintiff *should have* made to defendant given defendant's receipt of social security benefits ($114,518.29).  (*Id.* at 3–4.)  The result was an overpayment to defendant in the amount of $69,923.71.  (*Id.*)

The court concludes that default judgment is appropriate.  Defendant has not appeared in this action, she is not a minor or incompetent, and plaintiff has established by affidavit that its claim is for a sum certain or a sum that can be made certain by computation.  The court notes that plaintiff also requested in its Complaint an award of attorneys' fees and interest.  Plaintiff indicates it is foregoing those requests and does not seek an entry of judgment on them.  Accordingly, the court sees no reason why default judgment should not be entered and therefore directs the Clerk to enter judgment in the amount of $69,923.71.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 25.) is granted.  The court directs the Clerk to enter default judgment against defendant in the amount of $69,923.71.

Dated this 20th day of February, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**